DANIEL M. HAWKE
Email: HawkeD@sec.gov
ELAINE C. GREENBERG
Email: GreenbergE@sec.gov
COLLEEN K. LYNCH
Email: LynchCK@sec.gov
G. JEFFREY BOUJOUKOS
Email: BoujoukosJ@sec.gov
MICHAEL J. RINALDI
Email: RinaldiM@sec.gov
SCOTT A. THOMPSON
Email: ThompsonS@sec.gov

SECURITIES AND EXCHANGE
COMMISSION
701 Market Street, Suite 2000
Philadelphia, Pennsylvania 19106
Telephone: (215) 597-3100
Facsimile: (215) 597-2740

LOCAL COUNSEL:
John B. Bulgozdy, Cal. Bar No. 219897
Email: BulgozdyJ@sec.gov

SECURITIES AND EXCHANGE
COMMISSION
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

Attorneys for Plaintiff
Securities and Exchange Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JAMES V. MAZZO, DAVID L. PARKER, and EDDIE C. MURRAY,<br><br>Defendants. | Case No. SACV12-1327 JST (JPRx)<br><br>**NOTICE OF RELATED CASE** |

1

Plaintiff Securities and Exchange Commission (the "Commission") hereby files this Notice of Related Case pursuant to Local Rule 83-1.3.  The present case (SEC v. Mazzo) is related to SEC v. DeCinces, No. SACV11-1168 DOC (ANx) (C.D. Cal.), which was previously filed in this Court on August 4, 2011, because the cases:  (a) arise from the same or a closely related transaction, happening, or event; and (b) call for determination of the same or substantially related or similar questions of law and fact.  See Local Rule 83-1.3.1.

In the present case, the Commission brings claims under Sections 10(b) and 14(e) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) & 78n(e)] and Rules 10b-5 and 14e-3 thereunder [17 C.F.R. §§ 240.10b-5 & 240.14e-3] against defendants James V. Mazzo ("Mazzo"), David L. Parker ("Parker"), and Eddie C. Murray ("Murray") related to insider trading in the stock of Advanced Medical Optics, Inc. (hereinafter referred to by its former New York Stock Exchange ticker symbol, "EYE").  In the prior and related action, SEC v. DeCinces, the Commission brought claims under the same statutory provisions and rules against defendants Douglas V. DeCinces ("DeCinces"), Joseph J. Donohue ("Donohue"), Fred Scott Jackson ("Jackson"), and Roger A. Wittenbach ("Wittenbach"), also for insider trading in EYE stock.

As alleged in the complaint in the present case, Mazzo, the then Chairman and Chief Executive Office of Santa Ana, California–based EYE, tipped DeCinces material, nonpublic information regarding an impending transaction in which Abbott Laboratories, Inc. ("Abbott") would purchase the outstanding shares of EYE through a tender offer.  (E.g., Compl. ¶¶ 1–3, 32–74.)  DeCinces bought 90,700 shares of EYE on the basis of the material, nonpublic information that Mazzo tipped him, sold his shares following the public announcement of the transaction, and realized illegal profits of approximately $1,386,306.  (E.g., Compl. ¶¶ 3, 5, 76.)  DeCinces also tipped material, nonpublic information that he received from Mazzo about the impending transaction to at least five individuals:  Donohue, Jackson, Wittenbach,

1    Parker, and Murray, all of whom traded on the basis of that information, sold their

2    respective EYE shares following the public announcement, and illegally profited by

3    approximately $75,570, $140,259, $201,692,[1] $347,920, and $235,314, respectively.

4    (E.g., Compl. ¶¶ 6–12, 77–102.)

5        In the previously filed <u>SEC v. DeCinces</u> matter, defendants DeCinces,

6    Donohue, Jackson, and Wittenbach settled to the SEC's claims and consented to the

7    entries of final judgments. On August 9, 2011, the Court entered final judgments

8    against DeCinces, Donohue, Jackson, and Wittenbach—which imposed permanent

9    injunctions against violations of Sections 10(b) and 14(e) of the Exchange Act [15

10   U.S.C. §§ 78j(b) & 78n(e)] and Rules 10b-5 and 14e-3 thereunder [17 C.F.R.

11   §§ 240.10b-5 & 240.14e-3] and ordered disgorgement (along with, in certain

12   instances, prejudgment interest) and civil penalties.

13       In the present action, defendant Murray has agreed to settle the claims against

14   him and has consented to the entry of a final judgment. The agreed-to final

15   judgment, if entered by the Court, would (like the final judgments previously entered

16   in <u>SEC v. DeCinces</u>) permanently enjoin Murray from violations of Sections 10(b)

17   and 14(e) of the Exchange Act [15 U.S.C. §§ 78j(b) & 78n(e)] and Rules 10b-5 and

18   14e-3 thereunder [17 C.F.R. §§ 240.10b-5 & 240.14e-3] and order Murray to pay

19   disgorgement, prejudgment interest, and a civil penalty.

20       Mazzo and Parker have not agreed to settle the claims against them. The

21   Commission seeks relief against them that is similar to that imposed against the

22   settling defendants (i.e., injunctions, disgorgement, prejudgment interest, and civil

23   penalties). As to Mazzo, the disgorgement sought is for the unlawful trading profits

24   obtained by DeCinces and persons tipped by DeCinces. In addition, the Commission

25   seeks an officer and director bar against Mazzo pursuant to Section 21(d)(2) of the

26

27   ────────────────

28       [1] Wittenbach also directed his sister to purchase EYE shares, which resulted
     in an additional illegal profit of $13,214. (E.g., Compl. ¶¶ 11, 90–91.)

1  Exchange Act [15 U.S.C. § 78u(d)(2)] (Mazzo is the former Chairman and Chief

2  Executive Officer of EYE and is now an executive officer at Abbott).

3       Put simply, the two cases (SEC v. DeCinces and SEC v. Mazzo) involve the

4  same insider trading scheme in which Mazzo tipped DeCinces, and DeCinces tipped

5  at least Donohue, Jackson, Wittenbach, Parker, and Murray.  In both cases, the

6  Commission relies on the same statutory provisions and Commission rules and seeks

7  in large part the same relief as to all defendants.  In deciding whether to accept

8  defendant Murray's settlement offer, the Court will be presented with the same or

9  similar issues that faced the Court in deciding whether to enter final judgments as to

10  DeCinces, Donohue, Jackson, Wittenbach.  Facts alleged in the prior SEC v.

11  DeCinces case will be at issue in the present SEC v. Mazzo case, in which, inter alia,

12  the Commission alleges that Mazzo tipped DeCinces material, nonpublic

13  information regarding the impending EYE-Abbott transaction.  And any

14  disgorgement, prejudgment interest, and civil penalty imposed against Mazzo in this

15  case will based on the illegal trading profits of DeCinces, Donohue, Jackson,

16  Wittenbach, Parker, and Murray.

1    For the foregoing reasons, the present case qualifies as a related case with

2  respect to <u>SEC v. DeCinces</u>, No. SACV11-1168 DOC (ANx) (C.D. Cal.), pursuant

3  to Local Rule 83-1.3.

4                                      Respectfully submitted,

5
   Dated:  August 17, 2012.            *John B. Bulgozdy*
6                                      _____
7                                      John B. Bulgozdy, Local Counsel
                                       SECURITIES AND EXCHANGE
8                                      COMMISSION

9                                      Daniel M. Hawke
10                                     Elaine C. Greenberg
                                       Colleen K. Lynch
11                                     G. Jeffrey Boujoukos
12                                         (<u>pro hac vice</u> application to be filed)
                                       Michael J. Rinaldi
13                                         (<u>pro hac vice</u> application to be filed)
14                                     Scott A. Thompson
                                           (<u>pro hac vice</u> application to be filed)
15
16                                     Attorneys for Plaintiff
17                                     SECURITIES AND EXCHANGE
                                       COMMISSION
18

19

20

21

22

23

24

25

26

27

28