O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SACV 12-1327-DOC(ANx)                                    Date: February 25, 2013

Title: SECURITIES AND EXCHANGE COMMISSION V. JAMES V MAZZO ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                             None Present

**PROCEEDING: (IN CHAMBERS):     ORDER DENYING U.S. ATTORNEY'S MOTION TO INTERVENE AND FOR A PARTIAL STAY OF CIVIL DISCOVERY**

     Before the Court is a Motion to Intervene and for a Partial Stay of Civil Discovery brough by the United States Attorney's Office for the Central District of California. ("Mot.," Dkt. 29.)  The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The Court has considered the Motion and Opposition filed by Defendant James Mazzo, and hereby DENIES the Motion without prejudice.

    **I. Background**

     The Securities and Exchange Commission ("the Commission") has sued Defendants Mazzo, David L. Parker ("Parker"), and Eddie C. Murray ("Murray"),[1] alleging that in early 2009 Mazzo, then the Chairman of Advanced Medical Optics, Inc. ("Advanced Medical"), tipped Douglas V. DeCinces ("DeCinces") information that Abbott Laboratories, Inc., was going to buy the outstanding shares of Advanced Medical. Compl. ¶¶ 1-3, 32-74. In a prior civil case, the Commission alleged that DeCinces then tipped off Parker, Murray, and three other men who traded on the basis of that information. *Id.* ¶¶ 6-12, 77-102.  The Commission settled its claims in August 2011 as to DeCinces and the three other men that the Commission alleged had traded using the

---

[1] Defendant Murray has consented to entry of judgment against him (Dkt. 3), and the Court shall approve that proposed Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-1327-DOC(ANx)            Date: February 25, 2013
                                                                                                         Page 2

tipped information. The settlements in the *DeCinces* case included permanent injunctions against certain violations of the Securities and Exchange Act, as well as disgorgement of profits obtained from the trading, and civil penalties. See Final Judgments (Dkts. 7-10), *Securities and Exchange Commission v. Douglas V. DeCinces et al.*, 8:11-SACV-1168-DOC-AN.

On November 28, 2012, a grand jury returned an indictment against DeCinces, two other defendants from the *DeCinces* case, and, as is most relevant here, against Parker. See Indictment, (Dkt. 1), *United States v. DeCinces, et al.*, 8:12-CR-0269-AG. Mazzo is not a defendant in the criminal case.

**II. The Current Motion**

On January 15, 2013, the U.S. Attorney's Office for the Central District of California filed a Motion seeking to intervene and to stay any depositions in this case. The U.S. Attorney seeks this partial stay until February 11, 2014, so that the criminal case can be completed before defendants in this civil case take any depositions. The U.S. Attorney argues that "the overriding public interest in law enforcement" supports a stay, as does judicial economy, because the criminal case could resolve issues in the civil case. Mot. 2. Only Defendant Mazzo opposed the Motion. Mazzo Opp'n (Dkt. 25). The U.S. Attorney did not file a Reply to Mazzo's Opposition.

"In the absence of substantial prejudice to the rights of the parties involved," parallel civil and criminal proceedings are "unobjectionable under our jurisprudence." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (quoting *Securities & Exchange Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C.Cir. 1980), *cert. denied*, 449 U.S. 993 (1980).

The central reason that the Court shall, at this time, deny the U.S. Attorney's Motion, is that the request does not identify with any particularity what depositions would imperil the public interest in law enforcement.

The U.S. Attorney invokes the need to protect "the integrity of the criminal case," Mot. 7, and a concern that a criminal defendant should not be able to use civil discovery to get broader discovery than is available under the Federal Rules of Criminal Procedure,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 12-1327-DOC(ANx)                              Date: February 25, 2013
                                                                              Page 3

---

*id.* 6.[2] Such broad claims of possible abuse are generally not sufficient to support a stay. *See Lizarraga v. City of* Nogales, No. CV-06-0474-TUC-DCB, 2007 WL 215616 at *3 (D. Ariz. Jan. 24, 2007).

Indeed, without a more specific request—particular depositions that should be stayed, for example—the Court cannot perform the case-specific analysis required for a thoughtful decision about whether to deny Defendants Mazzo and Parker one of the means by which they can defend themselves in this civil case. *See Keating*, 45 F.3d at 324 (noting that the decision to stay civil proceedings in light of a parallel criminal case should be made "in light of the particular circumstances and competing interests involved in the case") (quoting *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).

This denial is without prejudice, as a particular deposition may arise that the U.S. Attorney may be able to argue should be stayed. But a broad stay of all depositions for a period of at least a year cannot be justified at this point.[3] Because the Court determines the Motion on the merits of the stay request, it is not necessary to reach the issue of whether to allow the U.S. Attorney to intervene.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.


MINUTES FORM 11
CIVIL-GEN                                                    Initials of Deputy Clerk: jcb

---

[2] The U.S. Attorney does not explain why Defendant Mazzo must be prevented from taking depositions when he is not a defendant in the criminal case.

[3] The Court notes that other courts have looked with disfavor to the Government's request for a stay when a branch of the Government, and not private parties, has brought the civil lawsuit that a U.S. Attorney's office is then seeking to stay.  *S.E.C. v. Fraser*, No. CV-09-0443-PHX-GMS, 2009 WL 1531854 at *3 (D. Ariz. June 1, 2009) (citing cases). The cases cited by the U.S. Attorney's Office in its Motion also typically involved far shorter stays, *see, e.g.*, *Bureerong v. Uvawas*, 167 F.R.D. 83 (C.D. Cal. 1996) (stay of less than four months), or cases in which there was good reason to believe that a criminal defendant was in fact trying to manipulate civil discovery to obtain information otherwise unobtainable in the criminal case, *see, e.g.*, *Campbell v. Eastland*, 307 F.2d 478, 488 (5th Cir. 1962).