UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

EDDIE C. MURRAY et al.,

Defendants.

Case No. SACV12-1327 JST (JPRx)

[PROPOSED] FINAL JUDGMENT AS TO EDDIE C. MURRAY   [3]

The Securities and Exchange Commission having filed a Complaint and Defendant Eddie C. Murray ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated

thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 promulgated thereunder [17 C.F.R. § 240.14e-3], in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

 (a) purchasing or selling or causing to be purchased or sold the securities sought or to be sought in such tender offer, securities

convertible into or exchangeable for any such securities or any option or right to obtain or dispose of any of the foregoing securities while in possession of material information relating to such tender offer that Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee or other person acting on behalf of the offering person or such issuer, unless within a reasonable time prior to any such purchase or sale such information and its source are publicly disclosed by press release or otherwise; or

(b) communicating material, nonpublic information relating to a tender offer, which Defendant knows or has reason to know is nonpublic and knows or has reason to know has been acquired directly or indirectly from the offering person; the issuer of the securities sought or to be sought by such tender offer; or any officer, director, partner, employee, advisor, or other person acting on behalf of the offering person or such issuer, to any person under circumstances in which it is reasonably foreseeable that such communication is likely to result in the purchase or sale

of securities in the manner described in subparagraph (a) above, except that this paragraph shall not apply to a communication made in good faith

(i) to the officers, directors, partners or employees of the offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

(ii) to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

(iii) to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for $358,151 in a civil penalty, disgorgement and prejudgment interest as follows: (1) a one-half civil penalty in the amount of $117,657 under Section 21A of the Exchange Act [15 U.S.C. § 78u-1] to be paid by Defendant; (2) disgorgement of $235,314, representing profits gained as a result of the conduct alleged in the Complaint, but a portion of which is offset, on a dollar-for-dollar basis,

4

by the $234,915 that was seized by the Internal Revenue Service at the direction of the U.S. Attorney's Office for the Central District of California from the Defendant's brokerage account at Fidelity Investments, account number ████5228 on or about August 10, 2009 (the "Seized Funds"), upon the Defendant's agreement that he shall not contest, directly or indirectly, the seizure of the Seized Funds, or any amount thereof, in any civil or criminal proceeding, leaving a balance of $399 in disgorgement to be paid by the Defendant; and (3) prejudgment interest in the amount of $5,180 to be paid by Defendant.

Defendant shall pay a total of $123,236 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. In the event that the Seized Funds are not retained by the United States through a civil or criminal proceeding, Defendant agrees that he shall immediately pay the Seized Funds directly to the Commission as soon as they come into his possession or are held by another for his benefit by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.

The payment(s) described above shall be delivered or mailed to the Securities and Exchange Commission, Office of Financial Management, 100 F Street, NE, Stop 6042, Washington, D.C. 20549, and shall be accompanied by a letter identifying Eddie C. Murray as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is

made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action: Elaine C. Greenberg, Associate Director, Philadelphia Regional Office, Securities and Exchange Commission, 701 Market Street, Suite 2000, Philadelphia, PA 19106. By making this payment(s), Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED.

Dated: February 25, 2013

_David O. Carter_
UNITED STATES DISTRICT JUDGE
DAVID O. CARTER